Turley, J.
delivered the opinion of the court.
The prisoner was indicted at the April term, 1844, of the circuit court of Madison, for the offence of passing forged and counterfeit money. The bill of indictment contained three counts, charging the offence in different ways. *436 At the April term, 1845, the prisoner moved the court to quash the bill of indictment, which motion was sustained as to the first count, but overruled as to the others; and thereupon the first count was quashed, and the prisoner arraigned upon the two last, to which he pleaded not guilty; upon this plea, a verdict was found against him, and he was sentenced to confinement in the penitentiary of the State for three years; whereupon he appealed to this court, and now assigns as error that the circuit Judge had no power to quash one count of the indictment without quashing the whole, and that it was error to put him upon trial upon the two last counts of the indictment.
In 1st Chitty’s Criminal Law, page 299, it is said, “where an indictment or caption is defective, the court have a discretionary power to quash it immediately, or to allow the defendant to plead or demur, which rests entirely with themselves. When the application is made by the prosecutor, the court will not quash the bill of indictment as matter of course, unless it appear to be clearly insufficient.” But, at page 203, the same author says, “when the motion is made on the part of the defendant, the rules by which the courts are guided are more strict, and these objections are more serious; because, if the indictment be quashed, the recognizances will become ineffectual, and the courts usually refuse to quash on the application of defendant unless upon the clearest and plainest grounds, but will drive the party to demurrer, or motion in arrest of judgment or writ of error.” These principles show that the motion to quash is one directed particularly to the discretion of, and one not readily heard and allowed by, the court.
The same author, at page 205, same book, however, says, “where a defect is shown,which induces the court to interfere, they must quash the whole indictment, for they cannot strike out some counts and leave others to be determined upon the trial; for which position are cited 2d Strange 1026; Comyns’ Dig. Indict. H. and Bacon’s Abr. In. R. In the case in Strange, Rex vs. Pewtres and Lee, “an assault was laid twenty-one different ways, and on motion to strike them out of the indictment, the court said it could not be done, being the finding *437 of the grand jury; but they thought the clerks in the crown office ought to draw the indictment and the court could punish them for the vexation.” Now,' in this bill of indictment, the counts are all good, but vexatious for their number, and upon no principle could any of them be struck out, as they were found by the grand jury to be true, and how could the court say how many, if any, could be stricken out?
Rut this case does not sustain that position as broadly as laid down by Mr. Chitty, that a court cannot quash a defective count without quashing the whole indictment, and we can see no reason for so holding. This case from Strange is the one upon which all that is said in the elementary writers referred to by Mr. Chitty as above, is rested, and nothing further need be said in relation to them. ' We hold the law to be, that, though a judge is not bound to quash a defective count in a bill of indictment, yet he may do so, provided it does not leave the other counts defective, and that it will not be error so to do, in as much as the prisoner is not injured thereby and the cause is simplified by being freed from the entanglement which would sometimes be produced by a general verdict upon a bill of indictment, one of the counts of which is defective. By the provisions of the common law in such a case the judgment would have to be arrested; and but for statutory provisions such would still be the law in. this State.
There is no error, then, in this case, and the judgment must be affirmed.